AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
**7/24/2025**
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
**JUL 24 2025**
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

United States of America

v.

JOSE CANO OVANDO,

Defendant(s)

Case No.   2:25-MJ-04639-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 22, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1544 | Misuse of a Passport |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Jonathan Wong, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 7/24/2025

Judge's signature

City and state: Los Angeles, California

Hon. Jacqueline Chooljian, U.S. Magistrate Judge
Printed name and title

SAUSA: Robert K. Quealy, x6874

## **AFFIDAVIT**

I, Jonathan Wong, being duly sworn, declare and state as follows:

### I. **INTRODUCTION**

1. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), Department of Homeland Security ("DHS") and have been so employed since October 2024. I completed three months of training in the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, and three months at the HSI Special Agent Training Course. I successfully completed instruction given on subjects including basic investigative techniques; immigration law; document fraud; false statements made during criminal investigations; and constitutional law.

### II. **PURPOSE OF AFFIDAVIT**

2. This affidavit is made in support of a criminal complaint against, and arrest warrant for, JOSE CANO OVANDO ("OVANDO") for a violation of 18 U.S.C. § 1544 (Misuse of a Passport).

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and

statements described in this affidavit are related in substance and in part only, and all dates and times are on or about those indicated.

### III. STATEMENT OF PROBABLE CAUSE

4. I am aware of the facts detailed below based on my involvement in this investigation, my conversations with other law enforcement officials involved in this investigation, and my review of reports and records connected to this investigation.

5. On July 22, 2025, at approximately 11:49 pm, the HSI Duty Officer, Task Force Officer ("TFO") Ruiz, received a call from Customs and Border Protection Officer ("CBPO") Hurley in response to an individual who had tried to enter the United States using a passport issued in another person's name.

6. According to flight records, on July 22, 2025, at approximately 10:18 pm, OVANDO arrived at Los Angeles International Airport ("LAX") on Volaris flight Y4 710 originating from Mexico City, Mexico.

7. On July 22, 2025, at approximately 11:17 pm, OVANDO entered Passport Control, where he first met with CBPO Park. OVANDO presented a valid United States Passport issued in the name of another individual, A.C. At this time, CBPO Park sent OVANDO for further inspection after the passport was flagged due to the photograph not matching OVANDO's appearance.

8. At the Admissibility Review Unit, officers with CBP ran OVANDO's fingerprints through the Integrated Automated Fingerprint Identification System which indicated OVANDO was not the individual in the passport. The results further indicated

that OVANDO is a citizen of Guatemala and does not have permission to be in the United States.

9. On July 23, 2025, at approximately 02:22 am, TFO Ruiz and CBPO Mendez interviewed OVANDO. OVDANDO was presented with a Miranda rights form in Spanish, and voluntarily waived those rights and agreed to speak with TFO Ruiz and CBPO Mendez. I have reviewed TFO Ruiz's report of the interview. According to the report, OVANDO stated the following during the <u>Mirandized</u> interview:

    a. OVANDO admitted that the United States passport he presented to CBP officers was not in his name and did not belong to him. He further admitted that he is a citizen of Guatemala.

    b. He claimed that the passport belonged to his stepson, A.C, and that his wife brought him A.C.'s passport, birth certificate, bank statement, and California Department of Motor Vehicles records to where he was residing in Guatemala on July 17, 2025. OVANDO then entered Mexico, where he used the documents to board Volaris flight Y4 710 to the United States.

//
//

## IV. CONCLUSION

10. For all the reasons described above, there is probable cause to believe that OVANDO violated 18 U.S.C. § 1544 (Misuse of a Passport).

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 24th day of July, 2025.

_____
HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE